Beer, J.
Section 5437 Rev. Stat. provides that upon petition of an *205 administrator to sell lands to pay debts, the appraisers shall proceed to set apart to the widow a homestead as provided in section 5438, and the same shall, except as otherwise provided in section 6155, remain exempt from sale on execution, and exempt from sale under any order of the court so long as the widow remains unmarried.
Section 6155 provides that the court shall appoint three disinterested freeholders to appraise the lands at their true value in money, and, if the deceased left a family homestead, and a widow entitled to have a homestead set off to her pursuant to the provisions of section 5437, then the court shall order the appraisers to first proceed to set off and assign such homestead, and her dower in such premises, and to appraise the whole premises subject to such homestead and dower.
Section 5438 provides that the homestead shall be set off by metes and bounds, not exceeding $1,000 in value, and upon good cause shown the court may order a re-appraisement and re-assignment of such homestead.
The foregoing sections make all the provision to be found in the statutes for setting off a homestead to the widow, out of the estate left by her deceased husband.
It will be seen that the widow is entitled to have set off to her by metes and bounds, a homestead, not exceeding $1,000 in value, if the deceased left a family homestead. It is to be appraised and assigned by the appraisers appointed by the probate court.
These sections make no provision authorizing a widow to waive the assignment of a homestead by metes and bounds, and to have the premises sold free of a homestead, and to have allowed, in lieu thereof, $500, or any sum of money, out of the proceeds of the sale, as in cases of dower.
In behalf of the widow in this case, it is claimed that the allowance of $500 in lieu of a homestead, was made under sections 5440 and 5441.
Section 5441 provides that every widow having in good faith the care, maintenance and custody of any minor child of *206 a deceased relative, residents of Ohio, and not the owner of a homestead, may, in lieu thereof, hold exempt from levy and sale, real and personal property, to be selected by such widow, her agent or attorney, at any time before sale, not exceeding $500 in value, in addition to the amount of chattel property otherwise by law exempted.
This section covers cases in which there is no family homestead, and in which an execution is levied to satisfy a judgment against the widow. In such case she must select real or personal property, of her own, not exceeding $500 in value, at any time before sale. It makes no provision for selecting $500 in money, in lieu of a homestead out of the proceeds of a sale of x’eal property in which the widow might have a homestead set off to her.
In the case before us there was a family homestead, no execution was issued or levied, and the widow did not select real or personal property before sale.
Section 5440 makes the only provision to be found in the statutes for an allowance in lieu of a homestead out of the proceeds of a sale. It l’eads as follows: “ When a homestead is charged with liens, some of which, as against the head of the family, or the wife, preclude the allowance of a homestead to either of them, and others of such liens do not preclude such allowance, and a sale of such homestead is had, then, after the proceeds of such sale of the liens precluding such allowance, the balance, not exceeding $500 shall be awarded to the head of the family, or the wife, as the case may be, in lieu of such homestead, upon his or her application in person, or by agent or attorney.”
The allowance in this section provided for, is in cases where there is a homestead charged with liens, against which neither husband nor wife can demand and have set-off, a homestead, by metes and bounds. It eovex’s cases in which the homestead has been conveyed by both husband and wife, by mortgage or otherwise. In case the mortgage does not consume the entire proceeds of the sale, then, as against other liens *207 which do not preclude the allowance of a homestead to both husband and wife, the husband or wife against whom no further lien exists, may demand and have allowed $500 in money in lieu of a homestead.
It will be seen at a glance, that the case under review does not fall within the provisions of this section, for this section makes no provision for an allowance to a widow, and the homestead was not sold to discharge liens.
When the administrator filed his petition in this case, the widow was entitled to have set-off and assigned to her a homestead by metes and bounds, in the premises of which a sale was prayed. She could not waive her privilege under the statute, and have something else for which the statute makes no provision. The day she should have demanded and had assigned to her the homestead the law provided for her, she stood mute as to any such right. She did worse. She filed an answer asking that the premises be sold, and that she be allowed her dower in money. When her homestead had been sold at her own request, she filed an amendment to her answer, praying for an allowance in money in lieu of a homestead. WThat the law afforded her she did not accept, but sinned away her day of grace, and when the harvest had passed and the summer ended, she asked what the law does not entitle her to have.'
, The judgment of the court of common pleas will be reversed at the costs on error of the defendant in error, and this court proceeding to render judgment which the court of •common pleas should have rendered, reverse the judgment of the probate court, deny the demand of the widow for an .allowance of $500, in lieu of a homestead, order that out of the proceeds of the sale dower be assigned and paid, next that the costs be paid, and the balance distributed according to law.